DICKMA.N, J.
The record discloses, that the Master Commisssioner in his report to the district court, among other things, found as a fact, that George W. Hicks, the plaintiff below, unreasonably delayed making inquiries as to the value of the Pike county land, and found as a conclusion of law, that the plaintiff was in equity estopped from disputing the title or the right of Wilson to the possession and enjoyment of the Michigan street property. The court sustained the plaintiffs exceptions, numbers nine and ten, to these two findings, but overruled all other exceptions to the master’s report, and in effect, approved all other parts of the same. The court in its decree, found as a fact — which was not disputed on the trial — that the legal title to the premises in controversy was, at the date of the commencement of the action, in George W. Imerson, and not in Wilson; that the equity of the plaintiff in the premises was equal to, and more than, that of Wilson; and that the plaintiff was not estopped from asserting and maintaining his equity as against Wilson.
There being but little dispute as to facts, the main question is, Did the district court err in its conclusions of law in finding the equity of Hicks superior in merit to that of Wilson, and in permitting Hicks to dispute the right and title of Wilson to the possession and enjoyment of the property. We are of opinion that the district court erred; and that' judgment should have been rendered in favor of Wilson, in accordance with the findings of the master’s report.
We are satisfied that Hicks, the defendant in error, through the fraudulent representations made to him by Eglin, as to the Pike county land — the number of acres under cultivation and in timber, the title to the land and its value, and the character of the building thereon — was induced to exchange for the land, his house and lot on Michigan street, and the notes and mortgage executed by Engleman. Eglin. and Imerson were doubtless confederates in fraud; and, in order that Imerson might be a convenient *427 and accessible instrument, Hicks was deluded into making his deed to Imerson, supposing at the time that the grantee named in his deed was Graeber, with whom he was exchanging property. But no knowledge of these fraudulent transactions was ever brought home to Wilson, the plaintiff in error, until after the execution of the deed by Hicks to himself, and his conveyance to Imerson of his land in Ross county. Indeed, it was never claimed by Hicks that Wilson was in any manner connected with the transactions in reference to the Pike county land deeded to him by Graeber.
We regard Wilson a purchaser in good faith, for a valuable consideration, of the house and lot on Michigan street — having in all respects complied with the terms of his contract with Eglin, by conveying to Imerson the two hundred acres of land in Ross county, and assuming the mortgage debt of three thousand dollars on the house and lot. It is contended that Eglin was Wilson’s agent, and that the fraud of the agent is to be imputed to the principal. But we believe, as found by the master commissioner, and approved by the district court, that Eglin in his negotiations for the conveyance of the Ross county land to Imerson, was acting for himself and not as the agent of Wilson.
In making the transfer of the house and lot to Wilson, instead of a deed to him directly from Imerson, the unrecorded deed from Hicks to Imerson was cancelled, without a re-conveyan ce of the premises to Hicks, and a deed was executed by Hicks directly to Wilson and placed by him in the' hands of Eglin, to be by him in turn delivered to Wilson. By the cancellation of the deed without re-conveyance, Hicks was not reinvested with the legal title, but the cancellation and new deed taken together would make a good title to Wilson by operation of law. It is said however, and it is conceded, that at the commencement of the action neither Hicks nor Wilson had the legal title to the property. Their rights were equitable only, and it is urged in behalf of the defendant in error, that where the equities are equal, the maxim must govern, that the equity “ older in time is stronger in right.” In our view of the evidence, *428 the equities between the parties are not equal, but that of Wilson though junior in time is superior in merit. In such a case, the elder equity cannot prevail, but must yield to the junior. Hume v. Dixon, 37 Ohio St., 66.
The testimony shows, that at the time Hicks executed the deed to Wilson, he had received information that the Pike county land was not as it had been represented to him by Eglin. This he had learned from two sources, and he was then in correspondence to obtain further information on the subject. In daily expectation of receiving explicit information — information which would reveal to him in its true form the fraud which Eglin had practiced upon him— he executed the deed to Wilson, and handed it to Eglin himself for him to deliver it to Wilson. When requested to cancel the deed which he had given to Imerson and execute another directly to Wilson, he discovered, that instead of a deed to Graeber, the name of Imerson had been deceptively ■ inserted as grantee; but the suspicious circumstance did not prevent his investing Eglin with power to pass the property over to Wilson. It is true, that the deed to Wilson was signed and sealed in the presence of, but one witness, and was not acknowledged; but, it is not to be presumed that the design of Hicks, himself, was to perpetrate a fraud, by palming upon a bona, fide purchaser, as a good and sufficient deed, that which amounted only to a contract for a deed. His intention doubtless was to divest himself of all title to the property. Certain it is, that he placed in the hands of Eglin, who he knew had deceived him, a deed signed and sealed by himself, and thereby enabled him to devise for presentation to Wilson, a deed on its face signed, sealed, witnessed and acknowledged according to law. Wilson, upon the faith of the deed, parted with the consideration, and, conveyed to Imerson the Ross county land, and paid off the mortgage debt of three thousand dollars on the Michigan street house and lot. On the face of the deed to Imerson, Hicks held him out as the apparent owner of the property which he had conveyed to him; and placed it in the power of the confederates *429 Eglin and Imerson to initiate the trade for the Ross county land, which was afterwards consummated by the act of Hicks himself, in executing the new deed to Wilson. Under the circumstances, .we are of opinion, that Hicks should be estopped from disputing the title of Wilson to the premises conveyed to him.
If Imerson had recorded the deed made to him in the first instance by Hicks, and conveyed the premises directly to Wilson, it would not be claimed that the title of Wilson could be successfully attacked. In delivering the opinion of the court in White v. Graves, 107 Mass., 324, 328, Gray, J., said: — “It was long ago decided by this court, upon great consideration, that a person who voluntarily executed a deed, although induced to do so by fraud, could avoid it only as against the party who exercised the unlawful influence, or against one who took title under the deed with participation in or notice of the fraud, and not against one who took a title apparently good from those having capacity to convey.” And manifestly, a different rule would not prevail, where the party who exercised the unlawful influence surrenders his unrecorded deed to the grantor, who cancels the same, and voluntarily executes a new deed of the same premises, to an innocent purchaser for valuable consideration from the first grantee.
It is said, that in the transactions with Eglin, Imerson and Wilson, Hicks was in all respects an innocent party. There is no evidence that Wilson was not an equally innocent party; and his equity we deem superior in merit to that of Hicks. But it is a rule long established, that where a loss has happened which must fall on one of two innocent persons, it must be borne by him who is the occasion of the loss, even without any positive fault committed by him, but more'especially if there has been any carelessness on his part which caused or contributed to the loss. Somes v. Brewer, 2 Pick., 184, 202.
In accordance with the aforegoing considerations, we are of opinion that the judgment of the district court should *430 be reversed, and judgment rendered for Wilson in conformity with the report of the master commissioner.

Judgment accordingly.